United States District Court
Southern District of Texas
ENTERED

MAR 0 4 2011

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL B. SCHMIDT, Trustee of the Estate of Border Anesthesia Services, P.C., and REGINALD BERRY, Plaintiffs, | § § § § § § § | |
| SYLVIA BERRY, Intervenor Plaintiff, | § § § § | |
| v. | § § | CIVIL ACTION NO. B-10-20 |
| DOUGLAS MCKEE, Individually and d/b/a DOUGLAS C. MCKEE, CRNA, P.C., VIJI ROBERTS, Individually and d/b/a VIJI ROBERTS ANESTHESIA CRNA, P.C., MARY WEATHERS, MARTIN POWERS, Individually and d/b/a POWERS ANESTHESIA SERVICES, P.C., WILLIAM T. GRADY, JR., WILLIAM WRENCH, EVELYN WILLIAMS, COLUMBIA VALLEY HEALTHCARE SYSTEM, LP, d/b/a VALLEY REGIONAL MEDICAL CENTER, and RIO GRANDE ANESTHESIOLOGISTS, P.A., Defendants. | § § § § § § § § § § § § § § § § § § § | |

## ORDER

BE IT REMEMBERED, that on March 4, 2011, the Court **DENIED** Non-Party MedPro Financial Services, Inc.'s ("MedPro") Motion for Protective Order. Dkt. No. 14.

Plaintiffs Michael B. Schmidt, representative of Debtor Border Anesthesia PC ("Debtor"), and Reginald Berry brought this suit alleging breach of contract and tortious interference with contractual relations by Defendants. Debtor entered into a contract with Defendant Columbia Valley Healthcare System LP, d/b/a Valley Regional Medical Center ("VRMC") to provide obstetrical

1

anesthesia services. In order to provide those services, Debtor entered into subcontract agreements with certified registered nurse anesthetists ("CRNAs"). The CRNAs resigned without notice resulting in VRMC terminating its agreement with Debtor. Thereafter, the CRNAs formed their own entity and provided anesthesia services directly to VRMC. The CRNAs allege in their counterclaim that Debtor breached their contract by failing to pay them for their services, which led them to resign. Defendant Rio Grande Anesthesiologists, PA ("Rio Grande") was a direct competitor with Debtor and Debtor alleges Rio Grande obtained an amendment of VRMC's by-laws to require all CRNAs to be supervised by an anesthesiologist. Debtor alleges that VRMC, in conjunction with Rio Grande, induced the CRNAs to breach their contracts with Debtor by offering to enter into service agreements directly with them.

On February 22, 2010, the reference to the bankruptcy court in this case was withdrawn. Dkt. No. 4. On May 20, 2010, the current Scheduling Order was entered. Dkt. No. 8. On May 26, 2010, the Court granted the Motion to Intervene and the Intervenor Complaint was filed. Dkt. Nos. 9, 10. On November 24, 2010, after the Court granted Plaintiffs' Motion to Realign Parties and Motion for Leave to Amend, Plaintiffs amended their complaint. Dkt. No. 13.

On January 24, 2011, MedPro, a non-party to this suit, filed its Motion for Protective Order requesting the Court issue an order protecting MedPro from producing documents, information and objects as requested in Plaintiff's Requests for Production Nos. 1-15. Dkt. No. 14. As MedPro is a non-party, it is responding to Plaintiff's subpoena under Federal Rule of Civil Procedure 45. Therefore, the Court construes MedPro's motion as a motion to quash or modify a subpoena under Rule 45(c)(3). MedPro requested that to the extent the discovery is allowed it be limited and sealed or otherwise protected. *Id.* MedPro argues that the discovery sought is outside the scope of discovery because it is overly broad, burdensome, not sufficiently limited in time and scope because it extends beyond the dates of Plaintiff's relevant contracts, asks for confidential financial information and asks for confidential information protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA). *Id.* at 2. Furthermore, MedPro has no information or documents responsive to Requests for Production Nos. 13-14. *Id.* at 3. MedPro asserts that it has or will provide the document and agreement responsive to Request for Production No. 15, subject to its objections. *Id.* To the extent the Court allows production of the documents, MedPro requests

that all costs and expenses associated with locating, retrieving and copying the information be reimbursed to MedPro with a sufficient deposit to cover the costs and expenses. *Id.*

Plaintiffs responded asserting that the information sought is relevant to their claims of interference with their contracts and of civil conspiracy "in furtherance of an anti-competitive agenda" and to their damages. Dkt. No. 19. Plaintiffs state they are not seeking confidential health, demographic, or identification information and that such information could be redacted from the requested documents. *Id.* at 2-3.

## I. Legal Standard

A party can discover any non-privileged matter that is relevant to any party's claim or defense, and such information is deemed relevant when it is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The phrase "relevant to the subject matter involved in the action" has been construed broadly so as to include "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). These standards apply to discovery sought from non-parties through a subpoena under Rule 45. *See Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E.D.Tex. 2003).

An individual seeking to quash or modify a subpoena issued as a discovery device must meet "the heavy burden of establishing that compliance with the subpoena would be 'unreasonable and oppressive.'" *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D.Tex. 1998) (quoting *Barnes Foundation v. Township of Lower Merion*, 1997 WL 169442, at *4 (E.D.Pa. 1997)). The Court may consider the relevance and need of the documents sought, "the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed" as well as the expense and inconvenience. *Id.* (quoting *Linder v. Department of Defense*, 133 F.3d 17, 24 (D.C.Cir. 1998)).

## II. Analysis

Plaintiffs assert that the information they seek is relevant to the damages they suffered. Review of the fifteen requests for production at issue shows that each request is an attempt to discover when work was billed to the CRNAs and how much work the CRNAs performed. This information is relevant or at the least reasonably calculated to lead to the discovery of relevant

3

information about the damages Plaintiffs may have suffered. MedPro has failed to establish that compliance with the subpoena would be "unreasonable and oppressive." MedPro generally alleges none of the requests are relevant and they are all overly burdensome, but such conclusory statements are insufficient. *Hussey*, 216 F.R.D. at 596. While MedPro expresses concern over Plaintiffs requests because financial information of a business or individual may be released, such information is discoverable to the extent it is relevant and good cause has not been presented as to its confidentiality. *See Yancy v. Hooten*, 180 F.R.D. 203, 215 (D.Conn. 1998). MedPro also raises concerns that individually identifiable health information and other private health information will be released. However, Plaintiffs aver they are not seeking such information and that information disclosing individuals' identities, demographics, or other private medical information may be redacted as necessary to protect individual privacy and avoid conflict with HIPAA.

The Court finds MedPro has not demonstrated a reasonable estimate of the expenses associated with the production of the documents requested and therefore **DENIES** MedPro's request for a deposit sufficient to cover expected costs and expenses. However, the Court **GRANTS** MedPro leave to file a more specific request for a reasonable deposit.

Based on the foregoing, the Court **DENIES** non-party MedPro's Motion for Protective Order, Dkt. No. 14. The Court **ORDERS** MedPro to redact all personal identification information, including birth dates, social security numbers, names of minor children, home addresses and all but the last four digits of financial account numbers, so as to protect the privacy of any individuals whose medical claims may be related to Plaintiffs' discovery requests.

DONE at Brownsville, Texas, on March 4, 2011.

Hilda G. Tagle
United States District Judge