IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

APR 2 9 2011

David J. Bradley, Clerk of Court

| | |
|---|---|
| MICHAEL B. SCHMIDT, Trustee of the Estate of Border Anesthesia Services, P.C., and REGINALD BERRY, Plaintiffs, § § § § § § | |
| SYLVIA BERRY, Intervenor Plaintiff, § § § § | |
| v. § § | CIVIL ACTION NO. B-10-20 |
| DOUGLAS MCKEE, Individually and d/b/a DOUGLAS C. MCKEE, CRNA, P.C., VIJI ROBERTS, Individually and d/b/a VIJI ROBERTS ANESTHESIA CRNA, P.C., MARY WEATHERS, MARTIN POWERS, Individually and d/b/a POWERS ANESTHESIA SERVICES, P.C., WILLIAM T. GRADY, JR., WILLIAM WRENCH, EVELYN WILLIAMS, COLUMBIA VALLEY HEALTHCARE SYSTEM, LP, d/b/a VALLEY REGIONAL MEDICAL CENTER, and RIO GRANDE ANESTHESIOLOGISTS, P.A., Defendants. § § § § § § § § § § § § § § § § § § § | |

## ORDER

BE IT REMEMBERED, that on April ____, 2011, the Court **GRANTED** Non-Party MedPro Financial Services, Inc.'s ("MedPro") Motion for Deposit and Limitation. Dkt. No. 25.

Plaintiffs Michael B. Schmidt, representative of Debtor Border Anesthesia PC ("Debtor"), and Reginald Berry brought this suit alleging breach of contract and tortious interference with contractual relations by Defendants. Debtor entered into a contract with Defendant Columbia Valley Healthcare System LP, d/b/a Valley Regional Medical Center ("VRMC") to provide obstetrical

1

anesthesia services. In order to provide those services, Debtor entered into subcontract agreements with certified registered nurse anesthetists ("CRNAs"). The CRNAs resigned without notice resulting in VRMC terminating its agreement with Debtor. Thereafter, the CRNAs formed their own entity and provided anesthesia services directly to VRMC. The CRNAs allege in their counterclaim that Debtor breached their contract by failing to pay them for their services, which led them to resign. Defendant Rio Grande Anesthesiologists, PA ("Rio Grande") was a direct competitor with Debtor and Debtor alleges Rio Grande obtained an amendment of VRMC's by-laws to require all CRNAs to be supervised by an anesthesiologist. Debtor alleges that VRMC, in conjunction with Rio Grande, induced the CRNAs to breach their contracts with Debtor by offering to enter into service agreements directly with them.

On February 22, 2010, the reference to the bankruptcy court in this case was withdrawn. Dkt. No. 4. On May 20, 2010, the current Scheduling Order was entered. Dkt. No. 8. On May 26, 2010, the Court granted the Motion to Intervene and the Intervenor Complaint was filed. Dkt. Nos. 9, 10. On November 24, 2010, after the Court granted Plaintiffs' Motion to Realign Parties and Motion for Leave to Amend, Plaintiffs amended their complaint. Dkt. No. 13.

On January 24, 2011, MedPro, a non-party to this suit, filed its Motion for Protective Order requesting the Court issue an order protecting MedPro from producing documents, information and objects as requested in Plaintiff's Requests for Production Nos. 1-15. Dkt. No. 14. On March 30, 2011, the Court denied MedPro's Motion for Protective Order and ordered MedPro to produce the documents sought and redact all personal identification information to protect the privacy of any individuals whose medical claims may be related to Plaintiffs' discovery requests. Dkt. No. 21. The Court also denied MedPro's request for a deposit on the basis MedPro had not demonstrated a reasonable estimate of expenses. *Id.* The Court granted MedPro leave to file a more specific request. On April 1, 2011, MedPro filed a request that the Court limit the discovery to a time frame between October 1, 2003, and September 30, 2006, and order Plaintiffs to provide a reasonable deposit for the time and expense related to producing the documents. Dkt. No. 25. MedPro provided an affidavit of Arthur Anthony Delgado, president of MedPro, stating that the estimated cost to produce the documents between October 1, 2003, and September 30, 2006, is $11,292.77. *Id.* Ex. 1 at 2. MedPro requests a $6,000.00 deposit and forty-five (45) days to complete the project. *Id.*

Plaintiffs did not file a response to MedPro's motion. Pursuant to Local Rule 7.4, failure to respond to a motion is taken as a representation of no opposition. The Court finds that the estimate provided by MedPro is reasonable and the deposit of $6,000.00 sought for the production of documents between October 1, 2003, and September 30, 2006, is reasonable.

WHEREFORE, the Court **GRANTS** MedPro's Motion for Deposit and Limitation, Dkt. No. 25, and **ORDERS** Plaintiffs to provide MedPro with a $6,000.00 deposit for the production of the documents sought between October 1, 2003, and September 30, 2006. The Court **ORDERS** MedPro to provide the documents, in their redacted form, within forty-five (45) days of receipt of the deposit.

DONE at Brownsville, Texas, on April 29, 2011.

Hilda G. Tagle
United States District Judge