# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE:<br>BORDER ANESTHESIA PC,<br>    Debtor<br><br>MICHAEL B. SCHMIDT, TRUSTEE OF THE ESTATE OF BORDER ANESTHESIA SERVICES, P.C. and REGINALD BERRY,<br>    Plaintiff,<br><br>vs.<br><br>DOUGLAS MCKEE, INDIVIDUALLY and d/b/a DOUGLASS C. MCKEE, CRNA, P.C., VIJI ROBERTS, INDIVIDUALLY and d/b/a VIJI ROBERTS ANESTHESIA, CRNA, P.C., MARY WEATHERS, MARTIN POWERS, INDIVIDUALLY and d/b/a POWERS ANESTHESIA SERVICES, P.C. WILLIAM T. GRADY, JR., WILLIAM WRENCH and EVELYN WILLIAMS, COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P., d/b/a VALLEY REGIONAL MEDICAL CENTER and RIO GRANDE ANESTHESIOLOGISTS, PA<br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § | **Civil Action No. 1:10-cv-00020**<br><br><br><br><br><br><br>**Consolidated Adversary No. 07-02098** |

**DEFENDANT COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P., d/b/a VALLEY REGIONAL MEDICAL CENTER'S OPPOSITION TO PLAINTIFFS' MOTION TO QUASH SUBPOENAS**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................................1

II. MOTIONS TO QUASH SUBPOENAS IN THEIR ENTIRETY REQUIRE A PARTICULAR AND SPECIFIC DEMONSTRATION OF EXTRAORDINARY CIRCUMSTANCES. ..............................................................................................................3

III. PLAINTIFFS HAVE NOT DEMONSTRATED THE EXTRAORDINARY CIRCUMSTANCES REQUIRED TO QUASH THE BORDER SUBPOENA...................5

IV. PLAINTIFFS HAVE NOT DEMONSTRATED EXTRAORDINARY CIRCUMSTANCES REQUIRED TO QUASH THE FRONTIER SUBPOENA. .............6

V. THE POSSIBILITY THAT MR. BERRY MAY HAVE TO TESTIFY AS A CORPORATE DESIGNEE IS NOT AN EXTRAORDINARY CIRCUMSTANCE. ..............................................................................................................8

    A. Mr. Berry May Be Deposed in His Individual Capacity and As a Corporate Designee..................................................................................................9

    B. Valley Regional Has a Legitimate Need to Depose Designees of Border and Frontier ......................................................................................................10

VI. PLAINTIFFS DO NOT HAVE STANDING TO CHALLENGE SUBPOENAS DIRECTED TO FRONTIER, GHAFOORI, STARR COUNTY MEMORIAL AND VALLEY BAPTIST......................................................................................................11

VII. CONCLUSION...................................................................................................................13

# TABLE OF AUTHORITIES

Page

## CASES

*Alloc, Inc. v. Unilin Decor N.V.*,
  2006 WL 2527656 (E.D. Wis. Aug. 29, 2006) .................................................................. 10

*Barnes Found. v. Township of Lower Merion*,
   1997 WL 169442 (E.D. Pa. Apr. 7, 1997) ..................................................................... 3

*Brazos River Auth. v. GE Ionics, Inc.*,
  469 F.3d 416 (5th Cir. Tex. 2006) .................................................................................. 8

*Brown v. Braddick*,
  595 F.2d 961 (5th Cir. 1979) ......................................................................................... 11

*Bucher v. Richardson Hosp. Authority*,
  160 F.R.D. 88 (N.D. Tex. 1994) ............................................................................. 2, 4, 5

*DHL Express (USA), Inc. v. Express Save Industries Inc.*,
  2009 WL 3418148 (S.D. Fla. Oct. 19, 2009) .................................................................. 9

*Foster-Miller, Inc. v. Babcock & Wilcox Canada*,
  210 F.3d 1 (1st Cir. 2000) ............................................................................................. 10

*ICE Corp. v. Hamilton Sundstrand Corp.*,
  2007 WL 1732369 (D. Kan. June 11, 2007) ................................................................. 10

*In re Terra Int'l, Inc.*,
  134 F.3d 302 (5th Cir. 1998) .......................................................................................... 3

*Jez v. Dow Chem. Co.*, 402 F. Supp. 2d 783 (S.D. Tex. 2005) ........................................... 2, 11, 12

*Lending Tree v. LowerMyBills, Inc.*,
  2006 WL 2443685 (W.D.N.C. Aug. 22, 2006) ............................................................. 10

*Provide Commerce, Inc. v. Preferred Commerce, Inc.*,
  2008 WL 360588, (S.D. Fla. Feb. 8, 2008) .................................................................... 9

*Raytheon Co. v. Indigo Sys. Corp.*,
  2008 U.S. Dist. LEXIS 48052 (E.D. Tex. June 23, 2008) ........................................... 11

*Recursion Software, Inc. v. Interactive Intelligence*, *Inc.*,
  2010 U.S. Dist. LEXIS 113827 (N.D. Tex. Oct. 19, 2010) ............................................ 5

*Salter v. Upjohn Co.*,
  593 F.2d 649 (5th Cir.1979) ....................................................................................... 2, 4

*Smith v. General Mills, Inc.*,
   2009 WL 2525462 (S.D. Ohio Aug. 13, 2009) ............................................................................ 10

*Southwestern Bell Telephone, L.P. d/b/a AT&T Texas v. UTEX Communications Corp.*,
   No. 107-CV-00435, Dkt. 105 (W.D. Tex. Sept. 30, 2009) ........................................................... 9

*Stogner v. Sturdivant*,
   2011 U.S. Dist. LEXIS 107571 (M.D. La. Sept. 21, 2011) ........................................................ 11

*Taylor v. Shaw*,
   2007 WL 710186 (D. Nev. Mar. 7, 2007) .................................................................................. 10

*United States v. Garrett*,
   571 F.2d 1323 (5th Cir. 1978) ...................................................................................................... 3

*United States v. McKesson Corp.*,
   2011 U.S. Dist. LEXIS 74418 (N.D. Miss. July 11, 2011) .......................................................... 5

*Wiwa v. Royal Dutch Petroleum Co.*,
   392 F.3d 812 (5th Cir. Tex. 2004) ..................................................................................... 2, 3, 10

Defendant Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center ("Valley Regional") respectfully submits this opposition to Plaintiffs Michael B. Schmidt, Border Anesthesia Services, P.C. and Reginald Berry (collectively, "Plaintiffs") Motion to Quash Subpoenas ("Motion" or "Mot.") issued to (1) Border Anesthesia Services, P.C. ("Border"), (2) Frontier Anesthesia Service, LLC ("Frontier"), (3) Giovanna Ghafoori, M.D., P.A. ("Ghafoori"), (4) Starr County Memorial Hospital ("Starr County Memorial") and (5) Valley Baptist Medical Center – Brownsville ("Valley Baptist") filed on December 19, 2011.

## I.   INTRODUCTION

1.   Plaintiffs collectively assert no fewer than four separate claims against Valley Regional alleging damages of over $20 million. First Amended Complaint ("FAC"), ¶¶ 21, 39, 42, 53; Expert Report of Carmen Eggleston ("Eggleston"), Exhibit 4; Errata to Expert Report of Michael W. Brandl, Ph.D. ("Brandl"), Pg. 2. Despite these expansive claims, Plaintiffs seek to prevent Valley Regional from taking fundamental and uncontroversial discovery from entities (including one of the plaintiffs) that Valley Regional has not previously deposed. Plaintiffs cite no case law supporting their position, and fail to meet their heavy burden of demonstrating good cause for granting a motion to quash.

2.   Each of Valley Regional's challenged subpoenas is reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiffs' claims and Valley Regional's defenses. Border, a named plaintiff seeking millions of dollars in damages, indisputably possesses key information relating to the Plaintiffs' allegations, asserted damages, and Plaintiffs' efforts to mitigate damages (if any). Frontier, which is owned by and has employed Plaintiff Reginald Berry since 2005, also plainly has knowledge of relevant facts, including at least as to Plaintiffs' asserted damages and Plaintiffs' mitigation efforts (if any). There has been no Rule 30(b)(6) deposition of any representative from Border or Frontier. Non-parties Ghafoori, Starr

County Memorial, and Valley Baptist have also all employed Plaintiff Berry and his subcontractors, and have direct, percipient knowledge of facts related to causation and mitigation. None of them has been deposed, either.

3. Plaintiffs cite no case law in support of their motion to quash even though they bear the burden of proof to demonstrate "that compliance with the subpoena would be 'unreasonable and oppressive.'" *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. Tex. 2004). Furthermore, because Plaintiffs' Motion seeks to quash the subpoenas in their entirety, they must go even further and provide specific facts demonstrating the existence of "extraordinary circumstances." *Bucher v. Richardson Hosp. Authority*, 160 F.R.D. 88, 92 (N.D. Tex. 1994) (citing *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir.1979). Plaintiffs have provided nothing more than vague and baseless claims of burden which provide a legally insufficient basis to quash Valley Regional's subpoenas.

4. As to the Border and Frontier subpoenas, Plaintiffs rely entirely on the argument that requiring Mr. Berry to testify as a corporate designee for Border or Frontier is "unduly burdensome" and "duplicative" because he has previously testified in his individual capacity in this case and in other litigation disputes to which Valley Regional is not a party. Mot. ¶ 2. Of course Valley Regional had no chance to question Mr. Berry, Border, or Frontier in any prior proceeding. In this proceeding, Mr. Berry only testified in his individual capacity.

5. Plaintiffs do not even have standing to challenge the subpoenas issued to Frontier, Ghafoori, Starr County Memorial and Valley Baptist. In order to challenge a subpoena issued to a third party, Plaintiffs must show that the subpoena interferes with a "personal right or privilege." *Jez v. Dow Chem. Co.*, 402 F. Supp. 2d 783, 784-785 (S.D. Tex. 2005). Mr. Berry's purported "proprietary interest" in providing anesthesia services for Ghafoori, Starr County Memorial and Valley Baptist (Mot. ¶ 10) does not satisfy that standard. Mot. ¶ 10. Plaintiffs do

2

not even allege a "proprietary interest" as to Frontier. Even if Plaintiffs had standing, they fail to establish any extraordinary circumstances to preclude the depositions of these witnesses.

      For the reasons set forth below, this Court should deny Plaintiffs' Motion.

## II.   MOTIONS TO QUASH SUBPOENAS IN THEIR ENTIRETY REQUIRE A PARTICULAR AND SPECIFIC DEMONSTRATION OF EXTRAORDINARY CIRCUMSTANCES.

      6.    Plaintiffs ask this Court to quash Valley Regional's 30(b)(6) depositions in their entirety, vaguely and baselessly claiming that the subpoenas are unduly burdensome and that Valley Regional issued them to harass plaintiffs. Mot. ¶ 7. Under FRCP 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." As the moving party challenging a subpoena, Plaintiffs bear the burden of showing "that compliance with a subpoena would be 'unreasonable and oppressive.'" *Wiwa*, 392 F.3d at 818 (quoting *Barnes Found. v. Township of Lower Merion*, 1997 WL 169442, at *4 (E.D. Pa. Apr. 7, 1997)).

      7.    Plaintiffs must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" in order to obtain a protective order regarding Valley Regional's subpoenas. *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

      8.    The *Wiwa* court set forth six factors to consider in determining whether the moving party had demonstrated facts sufficient to show a subpoena imposes undue burden:

> (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed.

*Wiwa*, 392 F.3d at 818. Plaintiffs offer no credible arguments going to any of the *Wiwa* factors. Valley Regional's 30(b)(6) subpoenas seek foundational discovery of relevant information from a party to this case, a long-time employer of a party to this case, and three non-party entities

3

likely to have admissible evidence. Valley Regional needs this information to defend itself against the Plaintiffs' claims which seek over $20 million in damages. Valley Regional limited its deposition notice to narrow topics covering 2001 to the present. Between 2001 and 2003, Border entered into various agreements that relate directly to the allegations in this case and its ability to mitigate damages. Information from after 2003 relates directly to Plaintiffs' allegedly ongoing injury. As discussed in the following sections, the subpoenas impose a minimal burden.

9. Because Plaintiffs' Motion seeks to quash Valley Regional's subpoenas in their entirety, Plaintiffs' burden is even higher. To obtain such extreme relief, the "party seeking to quash a deposition in its entirety has the heavy burden of demonstrating good cause" by establishing that "extraordinary circumstances" exist which require the court to quash the subpoena outright. *Bucher v. Richardson Hosp. Authority*, 160 F.R.D. 88, 92 (N.D. Tex. 1994) (citing *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir.1979)). Plaintiffs have not established the existence of "extraordinary circumstances" sufficient to block any of the depositions noticed by Valley Regional. Plaintiffs' bland assertion that Valley Regional's subpoenas will somehow "harass Mr. Berry" and "cause the Plaintiffs to unnecessarily expend more time and money" falls well short of the extraordinary circumstances the law requires. Mot. ¶ 7.

10. Courts have refused to quash subpoenas that imposed far greater burdens than those Plaintiffs claim here. In *Bucher*, for example, the court refused to quash the deposition of the plaintiff, a sexually abused teen, despite the fact that the teen allegedly suffered from post-traumatic stress syndrome, may have been incompetent to testify at trial, and the deposition posed a risk of physical and emotional harm. The court stated that "the evidence presented by plaintiff does not rise to the level of 'extraordinary circumstances' necessary to prohibit the defendants from conducting this discovery." *Bucher*, 160 F.R.D. at 92. Similarly, in *Recursion Software, Inc. v. Interactive Intelligence, Inc.*, 2010 U.S. Dist. LEXIS 113827, *21-22 (N.D.

4

Tex. Oct. 19, 2010), the court found a subpoena which would have required a "corporate representative . . . to travel from Indiana on three days notice" did not amount to an extraordinary circumstance which justified quashing the subpoena in its entirety. And in *United States v. McKesson Corp.*, 2011 U.S. Dist. LEXIS 74418, the court allowed a deposition to go forward even though the deponent submitted an "affidavit that he lack[ed] knowledge" regarding the deposition topics. Plaintiffs by definition cannot meet this "extraordinary circumstances" standard.

### III. PLAINTIFFS HAVE NOT DEMONSTRATED THE EXTRAORDINARY CIRCUMSTANCES REQUIRED TO QUASH THE BORDER SUBPOENA.

11. Plaintiffs offer nothing more than "conclusory assertions of injury," which as a matter of law are insufficient to support Plaintiffs' Motion. *Bucher*, 160 F.R.D. at 92. Plaintiffs argue that requiring Mr. Berry to appear as a 30(b)(6) designee for Border would force him to "rearrange his travel and work schedule or miss time from work . . . causing him to lose income." Mot. ¶ 8. This possibility of missing work is simply not an extraordinary circumstance; it is the necessary consequence of virtually every deposition subpoena. As one of the Plaintiffs, Border cannot reasonably argue that it did not expect Valley Regional to seek testimony regarding its allegations.

12. As noted previously, Plaintiffs asserted a number of causes of action, including an antitrust conspiracy claim, against Valley Regional, and submitted two expert reports estimating total damages of over $20 million as the result of those claims. Eggleston, Exhibit 4; Brandl, pg. 2. Given the circumstances, plaintiffs can hardly argue that it is "too burdensome" to require Border to designate a corporate representative to testify on its behalf.

13. Requiring Border's chosen designee, Mr. Berry, to miss a day of work to appear for a deposition falls well short of the standard required to demonstrate the existence of "extraordinary circumstances." As discussed in paragraph 10 above, the burden placed on Mr.

5

Berry is significantly lower than the burden faced by deponents that other courts have required to testify.

14. Plaintiffs' claim of harassment and attempt to portray Mr. Berry's multiple appearances as burdensome are simply not true. Valley Regional remains willing to work with plaintiffs to minimize any purported inconvenience. For example, prior to Plaintiffs' filing of the Motion, Valley Regional informed Plaintiffs that they were willing to mutually agree to postpone the deposition until after the holidays to accommodate Mr. Berry's work schedule. And plaintiffs do not allege that his prior deposition testimony took place over multiple sessions at Valley Regional's request, and it did not.

### IV. PLAINTIFFS HAVE NOT DEMONSTRATED EXTRAORDINARY CIRCUMSTANCES REQUIRED TO QUASH THE FRONTIER SUBPOENA.

15. As described below, Plaintiffs lack standing to challenge the subpoena issued to Frontier, a non-party to this action. But even if they had standing, Plaintiffs have not met their burden of showing "extraordinary circumstances" sufficient to block the subpoena.

16. Plaintiffs seek to quash the Frontier subpoena with more conclusory assertions, arguing that deposing Mr. Berry as a representative for Frontier would be "unduly burdensome" and "duplicative" and that Frontier (despite being Mr. Berry's employer since 2005) is "not in any way involved in the events that are in dispute." Mot. ¶ 9. Plaintiffs acknowledge that Frontier has information "relevant to Mr. Berry's claim for damages" but claim that Valley Regional cannot question a representative of Frontier about that information because Mr. Berry has already answered questions "about the affairs of" Frontier. *Id*. Plaintiffs are wrong on both counts. The information in Frontier's possession, which includes the business activities, negotiations and financial performance of Frontier, relates directly to Valley Regional's failure to mitigate defense, the damage calculations offered by Plaintiffs' experts, and Plaintiffs' antitrust claims. *See e.g.* FAC, ¶¶ 28, 36, 37, 39.

6

17. The assertion that Frontier is "not in any way involved in the events that are in dispute" is patently untrue – it is not even consistent with the allegations in the Plaintiffs' FAC and the analysis conducted by Plaintiffs' own experts. Mot. ¶ 9.[1] Plaintiffs allege that "[s]ince the inception of the unlawful agreement, neither [Border], nor any other CRNA, has been able to compete for, much less obtain, contracts for anesthesia at VRMC." FAC, ¶ 56. The damages estimated by Plaintiffs' expert, Carmen Eggleston, are expressly premised on Frontier's alleged inability to provide services in the Brownsville area. Eggleston, ¶ 56. Frontier, in short, is inextricably intertwined with the claims and defenses at the heart of this case.

18. Plaintiffs again rely upon the same generalized claim of undue burden to support their Motion to preclude Valley Regional's 30(b)(6) deposition of Frontier. For the same reasons discussed in the previous section, Plaintiffs have failed to meet their burden of showing the existence of extraordinary circumstances required to justify quashing the Frontier deposition. *See above* paragraphs 9-10.

19. Finally, Valley Regional did not make extensive inquiries regarding the operations of Frontier during the deposition of Mr. Berry. In the deposition transcript, the word "Frontier" appears less than thirty times. *See* Exhibit A to Plaintiffs' Motion. Valley Regional reasonably believes that Frontier has additional knowledge regarding the topics noticed in the subpoena. Pursuant to Rule 30(b)(6), Valley Regional is entitled to a full deposition of Frontier focusing on the topics noticed in Valley Regional's 30(b)(6) notice to explore that knowledge.

---

[1] To the extent that plaintiffs mean to object to the deposition of Frontier because it is not a party to the action, their objection is baseless. FRCP 30 permits the deposition of "any person, including a party." The limitations imposed on discovery by Rule 26(b) and (c) apply with equal force to discovery directed towards parties and non-parties.

## V. THE POSSIBILITY THAT MR. BERRY MAY HAVE TO TESTIFY AS A CORPORATE DESIGNEE IS NOT AN EXTRAORDINARY CIRCUMSTANCE.

20. Plaintiffs acknowledge that neither Frontier nor Border has previously been deposed. They seek to block the depositions of Border and Frontier on the grounds that Mr. Berry, their chosen designee for both depositions, has already testified. Contrary to Plaintiffs' Motion, the law is clear that it is not "unduly burdensome" or "duplicative" to take the routine depositions of a named corporate Plaintiff and a critical corporate third party in a multi-million dollar lawsuit, even if employees of those corporations have testified in their individual capacity. Mot. ¶ 8.

21. Mr. Berry's testimony in this case and prior proceedings does not relieve Border or Frontier of their obligation to produce a corporate designee to testify on their behalf. Depositions of corporate designees taken under 30(b)(6) serve a fundamentally different purpose than depositions of individuals taken under 30(b)(1). Rule 30(b)(6) requires an entity to:

> 'make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters.' … '[T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved.' The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.

*Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. Tex. 2006) (internal citations omitted).

22. Mr. Berry had no obligation to prepare for the deposition taken in his personal capacity or to review any materials in preparation for his personal depositions. Valley Regional is entitled to depose a designee of Border or Frontier that is fully prepared to provide answers regarding information on deposition topics which is reasonably available to the entity. Mr. Berry

did not meet that standard during his deposition in this case. In fact, Mr. Berry failed to recall key details regarding the topics noticed in Valley Regional's deposition notices to Border and Frontier on at least 14 occasions. *See* Exhibit A.

> **A. Mr. Berry May Be Deposed in His Individual Capacity and As a Corporate Designee.**

23. Plaintiffs also argue that the 30(b)(6) deposition notice somehow represents an attempt to "circumvent the Federal Rules of Civil Procedure," purportedly to harass Mr. Berry. Mot. ¶ 9. Plaintiffs' argument fundamentally misapprehends the Federal Rules.

24. Rule 30(b)(6) expressly states that taking a 30(b)(6) deposition "does not preclude a deposition by any other procedure allowed by these rules." The Rule does not prohibit deposing a 30(b)(6) designee as a representative of a company even if that person has been previously deposed as an individual.

25. Courts have routinely rejected similar motions seeking to preclude the deposition of the same person as both an individual and representative deponent. In *Provide Commerce, Inc. v. Preferred Commerce, Inc.*, 2008 WL 360588, at *3 (S.D. Fla. Feb. 8, 2008), the court denied a protective order seeking to quash a 30(b)(6) of a corporate representative that had previously testified because "although [the representative's] testimony may be similar, under the law, a corporate entity is distinct from the individuals who control or manage the corporation." Like the corporate representative in *Provide Commerce*, Mr. Berry "has only testified as an individual and not on behalf of the [entity]. At this point, the [entity] has yet to testify." *Id*. See also *DHL Express (USA), Inc. v. Express Save Industries Inc*., 2009 WL 3418148 (S.D. Fla. Oct. 19, 2009) (denying protective order seeking to quash 30(b)(6) deposition of "sole owner, president and manager of closely-held company" despite previous individual deposition.)

26. Similarly, in *Southwestern Bell Telephone, L.P. d/b/a AT&T Texas v. UTEX Communications Corp.*, No. 107-CV-00435, Dkt. 105, Order, pg. 2 (W.D. Tex. September 30,

9

2009), AT&T Texas noticed a 30(b)(6) deposition and an individual deposition of UTEX's CEO. After the 30(b)(6) deposition took place, UTEX moved to quash the individual deposition on the grounds that it "would be duplicative of his prior deposition and thus unduly burdensome." *Id*., pg. 2. Even though UTEX was a closely held entity with just six employees and UTEX alleged that the CEO's personal knowledge was "unlikely to be different than his knowledge as the corporate representative," (*Id*.) the court found that "relevant legal authority clearly permits an individual to be subject to two depositions where one is taken in a representative capacity and the other in an individual capacity." *Id*., pg. 5. A number of other courts have reached a similar conclusion.[2] Here, Plaintiffs' reliance on the previous deposition of Mr. Berry in his personal capacity and the closely-held status of Border are also unavailing.

      **B.    Valley Regional Has a Legitimate Need to Depose Designees of Border and Frontier**

27. The second *Wiwa* factor assesses a party's need to take the discovery requested. 392 F.3d at 818. Border claims that it suffered millions of dollars in damages as a result of Valley Regional's allegedly wrongful acts. Frontier, for its part, employed Mr. Berry during an extensive portion of his claimed damages period, and will have direct knowledge as to his and Border's asserted damages claims. Allowing Border and Frontier to avoid being deposed entirely in this case would prejudice Valley Regional's ability to defend itself against the allegations of Border and Mr. Berry. Valley Regional has not had an opportunity to fully

---

[2]   *See Lending Tree v. LowerMyBills,* Inc., 2006 WL 2443685, *1-2 (W.D.N.C. Aug. 22, 2006) (noting that "there is no prohibition on deposing a witness in both individual and corporate capacities" and allowing a previously noticed 30(b)(6) deposition to proceed even though the party opposing the deposition claimed that the deponent would adopt his prior testimony given in an individual capacity); *ICE Corp. v. Hamilton Sundstrand Corp.*, 2007 WL 1732369, at *3-4 (D. Kan. June 11, 2007) (allowing depositions of corporate designees previously deposed in their individual capacities); *Taylor v. Shaw*, 2007 WL 710186, at *2 (D. Nev. Mar. 7, 2007); *Alloc, Inc. v. Unilin Decor N.V.*, 2006 WL 2527656, at *2 (E.D. Wis. Aug. 29, 2006); *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 210 F.3d 1, 17 (1st Cir. 2000); *Smith v. General Mills, Inc.*, 2009 WL 2525462, at *5 (S.D. Ohio Aug. 13, 2009).

investigate Border's knowledge regarding the allegations in the FAC or Frontier's knowledge regarding causation of Border's losses and Mr. Berry's efforts to mitigate (if any).  Mr. Berry did not appear on behalf of Border and Plaintiff Border is not bound by the statements he made in his individual capacity during his deposition.  The same is true of Frontier.  Furthermore, Mr. Berry's hazy recollection of key details regarding Border's dealings with Valley Baptist made a comprehensive inquiry into Border's knowledge impossible during his individual deposition.  *See* Exhibit A.

## VI.  PLAINTIFFS DO NOT HAVE STANDING TO CHALLENGE SUBPOENAS DIRECTED TO FRONTIER, GHAFOORI, STARR COUNTY MEMORIAL AND VALLEY BAPTIST.

28.  Plaintiffs do not have standing "to challenge a subpoena issued to a non-party" unless they "have 'possession of the materials subpoenaed' or a 'personal right or privilege with respect to the materials subpoenaed.'"  *Jez v. Dow Chem. Co.*, 402 F. Supp. 2d 783, 784-785 (S.D. Tex. 2005) (citing *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)).[3]  Accordingly, Plaintiffs have no standing to challenge the subpoenas issued to non-parties Frontier, Ghafoori, Starr County Memorial and Valley Baptist.  Just as in *Raytheon Co. v. Indigo Sys. Corp.*, Plaintiffs' objections that those entities have "no bearing on this case" and the assertions that the subpoenas are "beyond the scope of discovery" and were "served at the eleventh hour" (Mot. ¶ 10) are not properly before the Court.  *See* 2008 U.S. Dist. LEXIS 48052, *4 (E.D. Tex. June 23, 2008) (finding party lacked standing to assert a challenge to "the timing and numerosity of the Defendants' third-party subpoenas.")

29.  Plaintiffs attempt to evade this basic rule of standing by asserting that the subpoenas directed to Ghafoori, Starr County Memorial, and Valley Baptist allegedly have the

---

[3]  *See also Stogner v. Sturdivant*, 2011 U.S. Dist. LEXIS 107571, at *19 (M.D. La. Sept. 21, 2011).

potential to "interfere with Mr. Berry's current and potential business engagements." Mot. ¶ 10.[4] That is not the sort of "personal right or privilege" the law requires. The court in *Jez* observed that, as a general matter, a "personal right or privilege" exists only when "the party had an evidentiary privilege as to the documents." 402 F. Supp. 2d at 785. Plaintiffs have failed to allege any such privilege. They merely speculate without any evidentiary support that having to comply with a subpoena may have some unspecified form of adverse impact on Mr. Berry's ability to work for those entities. We are aware of no case holding that such a remote and speculative interest creates standing to challenge a subpoena. Accordingly, Plaintiffs have no standing to challenge the subpoenas issued to Frontier, Ghafoori, Starr County Memorial or Valley Baptist.

30. Plaintiffs' challenge to the third party subpoenas would fail even if plaintiffs had standing to bring it. Valley Regional issued subpoenas to Frontier, Ghafoori, Starr County Memorial and Valley Baptist to evaluate the claims in the FAC and Plaintiffs' expert reports that the Defendants caused damage to Border and Mr. Berry. The topics of the deposition notices are intended to elicit information regarding Border's contractual relationships and the financial impact of the allegedly wrongful conduct by the Defendants that Plaintiffs claim cost them millions of dollars. Plaintiffs have not shown that the depositions of the third parties will have any adverse impacts at all. And any remote (and entirely speculative) possibility that the subpoenas might somehow interfere with Mr. Berry's work is outweighed by Valley Regional's need to take discovery regarding the aggressive damage allegations made by Mr. Berry and other Plaintiffs in the FAC. Thus, even if the court finds that Plaintiffs have standing to challenge the subpoenas of Frontier, Ghafoori, Starr County Memorial and Valley Baptist, Plaintiffs' Motion should be denied.

---

[4] Plaintiffs simply ignore the rule altogether as to non-party Frontier

## VII. CONCLUSION

31. Plaintiffs have failed to meet the heavy burden required to sustain their motion to quash. Valley Regional has not taken depositions of Border, Frontier, Ghafoori, Starr County Medical or Valley Baptist. These entities are reasonably likely to have admissible evidence that Valley Regional is entitled to discover in order to defend itself against the serious allegations contained in the FAC. Plaintiffs' experts have estimated damages at over $20 million. The fact that Mr. Berry has appeared in his individual capacity does not relieve Border or Frontier of their obligation to designate a reasonably prepared 30(b)(6) representative to appear in response to their respective 30(b)(6) deposition notices. Mr. Berry's desire to perform work for Frontier, Ghafoori, Starr County Medical and Valley Baptist is insufficient to confer standing for him to challenge Valley Regional's subpoenas issued to those entities. Even if he had standing to challenge the third party subpoenas, Plaintiffs have failed to meet the burden required to quash those subpoenas. Accordingly, this court should DENY Plaintiffs' Motion.

DATED:   January 5, 2012			Respectfully submitted,

            s/ Margaret M. Zwisler
            Margaret M. Zwisler (*admitted pro hac vice*)
            DC State Bar No. 245951
            Email:  Margaret.Zwisler@lw.com

            Jennifer L. Giordano (*admitted pro hac vice*)
            DC State Bar No. 496746
            Email:  Jennifer.Giordano@lw.com

            Jessica S. Lee (*admitted pro hac vice*)
            DC State Bar No. 1002403
            Email:  Jessica.Lee@lw.com

            **LATHAM & WATKINS LLP**
            555 Eleventh Street NW, Ste. 1000
            Washington, D.C.  20004
            Telephone: (202) 637-2200
            Facsimile: (202) 637-2201

            Alfred C. Pfeiffer, Jr. (*admitted pro hac vice*)
            CA State Bar No. 120965
            Email:  Al.Pfeiffer@lw.com

            Andrew Gass (*admitted pro hac vice*)
            CA State Bar No. 259694
            Email:  Andrew.Gass@lw.com

            Robert W. Studley (*admitted pro hac vice*)
            CA State Bar No. 259818
            Email:  Robert.Studley@lw.com

            **LATHAM & WATKINS LLP**
            505 Montgomery Street, Suite 2000
            San Francisco, CA  94111
            Telephone: (415) 391-0600
            Facsimile: (415) 395-8095

            and

            Jack C. Skaggs, Jr.
            State Bar No. 18452020
            Email:  Jskaggs@gnqlawyers.com

            William Gault
            State Bar No. 07765050
            Email:  Bgault@gnqlawyers.com

            **GAULT, NYE & QUINTANA, L.L.P.**
            P.O. Box 5959
            Brownsville, TX  78523
            Telephone: (956) 544-7110
            Facsimile: (956) 544-0607

            **ATTORNEYS FOR DEFENDANT COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P., d/b/a VALLEY REGIONAL MEDICAL CENTER**

## CERTIFICATE OF SERVICE

On January 5, 2012, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, Brownsville Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. Additionally, the following parties have been served via *First Class Mail*:

>Martin Powers
>Individually and d/b/a Powers Anesthesia Services, P.C.
>Post Office Box 2577
>South Padre Island, TX 78597
>
>Viji Roberts
>Individually and d/b/a Viji Roberts Anesthesia CRNA, P.C.
>1718 Coffee Port Road
>Brownsville, TX 78521
>
>Mary Weathers
>162 S Nueces Park Lane
>Harlingen, TX 78552

Dated:  January 5, 2012            s/ Margaret M. Zwisler
                                   Margaret M. Zwisler

DC\1582906